**Price, Meese, Shulman & D'Arminio, P.C.**
Michael Orozco, Esq.
50 Tice Boulevard, Suite 380
Woodcliff Lake, New Jersey 07677
Telephone: 201-391-3737
Facsimile: 201-391-0998
Attorneys for Plaintiff Jerome Wright

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| JEROME WRIGHT,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>CITY OF ELIZABTH, NJ, POLICE OFFICER RUI XAVIER, POLICE OFFICER LUIS FIGUEIREDO, POLICE OFFICER MICHAEL CARRETO, POLICE OFFICER GUIDO QUELOPANA, LT. ROBERT KEILY, SGT. MICHAEL NIEWINSKI, JOHN DOES 1-10, & ABC CORPORATIONS 1-10<br><br>　　　　　　　　Defendants. | Civil Action No.:<br><br>**COMPLAINT** |

Plaintiff, Jerome Wright, by and through his attorneys, complaining against the Defendants, alleges as follows:

### **PARTIES**

1.　Plaintiff, Jerome Wright, (hereinafter "Plaintiff") is a resident of Philadelphia, Pennsylvania.

2.　The Defendant City of Elizabeth, NJ is a municipality existing under the laws of the State of New Jersey.  The City of Elizabeth is the government seat of Union County with its principle location, City Hall, located at 50 Winfield Scott Plaza, Elizabeth, New Jersey 07201.

The City of Elizabeth Police Department is an entity existing wholly within the City of Elizabeth with its principle location, Police Headquarters, located at 1 Police Plaza, Elizabeth, New Jersey 07201.

3. At all times relevant to this matter, Defendant Police Officer Rui Xavier (hereinafter "Xavier") was a Police Officer of the Elizabeth Police Department acting under the color of state law and as an employee of the City of Elizabeth and the City of Elizabeth Police Department. Defendant Xavier is sued individually and in his official capacity as a Police Officer of the Elizabeth Police Department.

4. At all times relevant to this matter, Defendant Police Officer Luis Figueiredo (hereinafter "Figueiredo") was a Police Officer of the Elizabeth Police Department acting under the color of state law and as an employee of the City of Elizabeth and the City of Elizabeth Police Department. Defendant Figueiredo is sued individually and in his official capacity as a Police Officer of the Elizabeth Police Department.

5. At all times relevant to this matter, Defendant Police Officer Michael Carreto (hereinafter "Carreto") was a Police Officer of the Elizabeth Police Department acting under the color of state law and as an employee of the City of Elizabeth and the City of Elizabeth Police Department. Defendant Quelopano is sued individually and in his official capacity as a Police Officer of the Elizabeth Police Department.

6. At all times relevant to this matter, Defendant Police Officer Guido Quelopana (hereinafter "Quelopana") was a Police Officer of the Elizabeth Police Department acting under the color of state law and as an employee of the City of Elizabeth and the City of Elizabeth Police Department. Defendant Quelopano is sued individually and in his official capacity as a Police Officer of the Elizabeth Police Department.

7. At all times relevant to this matter, Defendant Sergeant Michael Niewinski (hereinafter "Niewinski") was a Police Officer of the Elizabeth Police Department acting under the color of state law and as an employee of the City of Elizabeth and the City of Elizabeth Police Department. Defendant Niewinski is sued individually and in his official capacity as a Police Officer of the Elizabeth Police Department.

8. At all times relevant to this matter, Defendant Lieutenant Robert Keily (hereinafter "Kiely") was a Police Officer of the Elizabeth Police Department acting under the color of state law and as an employee of the City of Elizabeth and the City of Elizabeth Police Department. Defendant Keily is sued individually and in his official capacity as a Police Officer of the Elizabeth Police Department.

9. At all times relevant to this matter, Defendants John Does 1-10 are other as yet unknown individuals who violated Plaintiff's rights by using excessive force during his arrest, allowing the use of excessive force during his arrest, maliciously prosecuting Plaintiff, and/or failing to adequately supervise, train, retain, and maintain the above-named individual Defendants in their positions as Police Officers.

10. At all times relevant to this matter, Defendants ABC Corporations 1-10 are other as yet unknown governmental or business entities responsible for the actions of the above-named individual Defendants, and/or responsible for the supervision, training, retention, and maintenance of Elizabeth Police Department Police Officers.

## **JURISDICTION**

11. This action arises under the Fourth and Fourteenth Amendments to the United States Constitution, and under the Civil Rights Act of 1871, 42 U.S.C. §§ 1983, 1985, and 1986,

as amended, together with pendant claims for violations of the New Jersey State Constitution, Article 1, paragraphs 1 and 7, and the New Jersey Civil Rights Act, N.J.S.A. §10:6-2.

12. Jurisdiction in this Court is proper for Plaintiff's Federal Claims pursuant to 28 U.S.C. §§1331, 1343, and 42 U.S.C. §1983 as federal questions, and supplemental jurisdiction extends to Plaintiff's State Claims pursuant to 28 U.S.C. §1367.

13. Venue in this Court is proper for all of Plaintiff's Claims as the acts and omissions alleged occurred in the City of Elizabeth, County of Union, within the District of New Jersey and, upon information and belief, all Defendants reside within the District of New Jersey.

14. This Court has authority to award costs and attorneys' fees pursuant to 42 U.S.C. §1988.

## FACTS RELEVANT TO ALL CLAIMS

15. On or about June 26, 2013, Plaintiff Jerome Wright was operating a motor vehicle within the City of Elizabeth, New Jersey.

16. After allegedly observing Plaintiff commit a motor vehicle violation, Defendant Officers Xavier and Figueiredo followed Plaintiff's vehicle and when they caught up to it, they activated the emergency lights on their unmarked vehicle in order to conduct a motor vehicle stop.

17. When Plaintiff realized that the unmarked motor vehicle behind him was in fact a police vehicle trying to pull him over, he came to a stop. Plaintiff did not willfully ignore the emergency lights of Defendants' vehicle.

18. Upon Plaintiff bringing his vehicle to a stop, Defendants Xavier and Figueiredo pulled their vehicle up parallel to Plaintiff's vehicle leaving only a few feet between the vehicles.

19. Defendants exited and placed themselves at either end of the two vehicles. Upon information and belief, Defendant Figueiredo approached from the front of the two vehicles and Defendant Xavier approached from the rear of the two vehicles, with Plaintiff located between the two of them.

20. Officer Xavier drew his firearm ordered Plaintiff out of his vehicle. Plaintiff complied with this order.

21. After Plaintiff exited the vehicle, Defendants approached Plaintiff from either end, and without providing any explanation or warning to Plaintiff, ordered Plaintiff to put his hands behind his back and told him he was under arrest.

22. Without refusing the order or making any aggressive actions, Plaintiff made the reasonable request to know why he was being placed under arrest.

23. Without warning, justification, or cause, Defendant Figueiredo shot Plaintiff in the face with Pepper Spray, not once, or with a quick burst, but with a sustained spray for several seconds.

24. Plaintiff did not react violently or aggressively to this excessive use of force by Defendants. Instead, Plaintiff again asked why he was being arrested and why the Defendants were spraying him without cause. When Defendant Xavier holstered his firearm, and raised his can of Pepper Spray, Plaintiff raised his hands in submission.

25. Despite Plaintiff demonstrating his willingness to surrender, and without warning, justification, or cause, Defendants Xavier and Figueiredo both shot Plaintiff again in the face with a sustained burst of Pepper Spray from both sides at the same time.

26. Contrary to Defendant Xavier's police report, Plaintiff did not lunge at Figueiredo, but stumbled, blinded by the Pepper Spray, away from the spray and in the direction

of the front of the vehicles. He did not move quickly or in a threatening manner. His hands remained in the air throughout.

27. Upon reaching the front of the vehicle, Defendant Figueiredo began kicking Plaintiff about the legs and striking him about the torso.

28. Plaintiff collapsed to the ground with his arms underneath his chest. Defendant Figueiredo immediately placed himself directly over and above Plaintiff, while simultaneously Defendant Xavier approached Plaintiff's right side and kicked him in his ribs while Plaintiff laid prone, face-down on the ground.

29. Following the Xavier's kick to Plaintiff's chest, Defendant Figueiredo placed his full weight on Plaintiff by placing his knee on Plaintiff's back.

30. Fearing for his own safety, Plaintiff attempted to crawl away from the assault by Defendants, at which point, Defendant Xavier circled around from Plaintiff's right to his head and kicked him in the face while Plaintiff lay prone, face-down on the ground with Defendant Figueiredo's full weight on his back.

31. Defendant Xavier then placed his own knee in Plaintiff's back and produced a night stick or flashlight and started repeatedly striking Plaintiff all along the right side of his body, delivering no less than six strikes to Plaintiff's torso and four strikes to Plaintiff's face and head.

32. At this point Defendant Police Officers Carreto and Quelopana arrived on the scene, followed shortly thereafter by Sgt. Niewinski, Lt. Kiely, and John Doe 1, an additional Police Officer not identified in the Elizabeth Police Department Report of this incident.

33. Upon information and belief, Sgt. Niewinski and Lt. Kiely did not engage in physical contact with Plaintiff, nor did they take any action or issue any orders to their

subordinates to refrain from physically striking Plaintiff or refrain from engaging in unsanctioned restraining techniques.

34. Defendants Carreto and Quelopana sprinted to join Defendants Xavier and Figueiredo attack on Plaintiff.

35. Upon information and belief, Defendant Quelopana approached Plaintiff and placed his knee on the back of Plaintiff's head and pushed his full weight down on Plaintiff's skull while Plaintiff laid face-down on the pavement. He then proceeded to punch Plaintiff in the back of the neck at least two times, once while Plaintiff's arms were secured behind his back by the other Defendants.

36. Upon information and belief, at the same time, Defendant Carreto came around behind Plaintiff's lower back, relieved Defendant Xavier of his position over Plaintiff, and proceeded to drop his entire weight down through one knee on to Plaintiff's lower back while he remained face-down on the pavement.

37. While three officers laid their weight down on Plaintiff's back, head and shoulders, Plaintiff was able to get his arms behind his back.

38. After Plaintiff's arms were secured by the other officers behind his back, John Doe 1 approached Plaintiff, kicked him in the face, and pressed his foot down on Plaintiff's face pushing it into the pavement.

39. In an effort to cover-up the unlawful and excessive use of force utilized by Defendants Xavier, Figueiredo, Carreto, Quelopana, and John Doe 1 against Plaintiff, Defendant Xavier, under the supervision and approval of Defendant Kiely, fabricated a police report supporting charges for eluding and resisting arrest and omitting most of the violent actions perpetrated against Plaintiff.

40. At no point during the entire encounter did Plaintiff make any aggressive or violent actions towards the Defendant Police Officers. Plaintiff was, at most, guilty of trying to crawl away from the Defendant's assault while he was laying face-down, and being unable to put his arms behind his back when they were pinned under his chest and being use to protect his face from the blows of the Police Officers.

41. Plaintiff was suffered severe, permanent, and debilitating injuries as a result of the unnecessary and excessive force used by the arresting Police Officers.

**COUNT ONE**
**ESCESSIVE USE OF FORCE IN VIOLATION OF**
**42 U.S.C. §1983 & THE FOURTH & FOURTEENTH AMENDMENTS**
**Against Defendants Xavier, Figueiredo, Quelopana, Carreto and John Doe 1**

42. Plaintiff repeats and realleges all facts above as if set forth fully herein.

43. Defendants Xavier, Figueiredo, Quelopana, Carreto, and John Doe 1 unreasonably seized Plaintiff by means of excessive force under the color of law.

44. At the time of the complained of events and at all times, Plaintiff had a clearly established right under the Fourth Amendment to be secure in his person from unreasonable seizure through excessive force.

45. Plaintiff also had a clearly established constitutional right under the Fourteenth Amendment to bodily integrity and to be free from excessive force by law enforcement.

46. Any reasonable police officer knows or should have known of these rights at the time of the complained of conduct.

47. Defendants' use of force was objectively unreasonable in light of the facts and circumstances confronting them.

48. Defendants' actions were malicious and involved reckless, callous, and deliberate indifference to Plaintiff's constitutionally protected rights.

49. As a direct and proximate result of Defendants' use of excessive force, Plaintiff suffered permanent bodily injury requiring hospitalization and surgery, resulting in disability, disfigurement, pain and suffering, inconvenience, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical care, and treatment, loss of ability to earn money in the future, and other damages.

50. As the injuries are permanent, Plaintiff will suffer further damages in the future and will continue to be hampered in his daily routine.

51. These acts constitute a in violation of 42 U.S.C. §1983 and deprived Plaintiff of his rights guaranteed to him under the Fourth and Fourteenth Amendments to the United States Constitution.

**WHEREFORE**, Plaintiff demands judgment against Defendants Rui Xavier, Luis Figueiredo, Michael Carreto, Guido Quelopana, and John Doe 1, individually, jointly, severally for any and all damages, (including, but not limited to severe physical pain and suffering; mental anguish; severe anxiety; loss of life's pleasures; loss of enjoyment of life; and loss of future earning capacity, future earnings and income), as well as punitive damages, together with interest, cost of suit, attorneys' fees, and any other relief the Court deems appropriate.

<u>**COUNT TWO**</u>
<u>**MALICIOUS PROSECUTION**</u>
**All Defendants**

52. Plaintiff repeats and realleges all facts above as if set forth fully herein.

53. All Defendants, individually and/or jointly and in conspiracy, falsely, unlawfully, and maliciously initiated a prosecution against Plaintiff.

54. Defendants, without probable cause, falsely charged him with Eluding by failing to pull his motor vehicle over, pursuant to N.J.S.A. 2C:29-2B, a crime of the third degree.

55. Defendants, without probable cause, falsely charged him with Resisting Arrest by using or threatening physical force or violence against Police Officers and/or by creating a substantial risk of causing physical injury to Police Officers, pursuant to N.J.S.A. 2C:29-2a.

56. This prosecution persists to this day, nearly two years after the incident, and despite exculpatory evidence to the contrary being presented to the State.

57. Defendants' actions in bringing these charges against Plaintiff were undertaken with the purpose of concealing their own unlawful conduct.

58. As a direct and proximate result of this malicious prosecution, Plaintiff suffered a deprivation of freedom, pain and suffering, inconvenience, mental anguish, emotional distress, and other damages, including legal fees to defend himself against these false charges.

**WHEREFORE**, Plaintiff demands judgment against defendants individually, jointly, severally for compensatory damages, as well as punitive damages, together with interest, cost of suit and attorneys' fees, and any other relief the Court deems appropriate.

### COUNT THREE
### VIOLATIONS OF THE NEW JERSEY STATE CONSTITUTION AND THE NEW JERSEY CIVIL RIGHTS ACT, N.J.S.A. §10:6-2
**All Defendants**

59. Plaintiff repeats and realleges all facts above as if set forth fully herein.

60. Defendants actions, as described above, deprived Plaintiff of his right to enjoy life, pursue and obtain safety and happiness, to be free from the use of excessive force, and to be secure in his person from unreasonable seizures, as granted to him under Article I of the the New Jersey Constitution and the New Jersey Civil Rights Acts.

61. As a direct and proximate result of these acts, Plaintiff suffered a deprivation of freedom, severe and permanent injuries, pain and suffering, inconvenience, mental anguish,

emotional distress, and other damages, including legal fees to defend himself against these false charges.

**WHEREFORE**, Plaintiff demands judgment against defendants individually, jointly, severally for compensatory damages, as well as punitive damages, together with interest, cost of suit and attorneys' fees, and any other relief the Court deems appropriate.

## COUNT FOUR
## CONSPIRACY TO VIOLATE U.S. & N.J. CONSTITUTIONS, AND TO MALICIOUSLY PROSECUTE PLAINTIFF
### All Defendants

62. Plaintiff repeats and realleges all facts above as if set forth fully herein.

63. The facts set forth above demonstrate that all Defendants acted with an understanding amongst themselves to conspire to violate the civil rights of Plaintiff through the overt acts of coordinating and fabricating false police reports to incriminate him and justify the acts of violence and mistreatment against Plaintiff, and coordinating and fabricating false police reports to conceal the extent of violence perpetrated against him, simultaneously engaging in unnecessary and unlawful use of excessive force against him, and subjecting him to malicious prosecution for over two years.

64. As to all federal rights, Defendants acts constitute a conspiracy to deprive Plaintiff of his rights and privileges in violation of 42 U.S.C. §1985(c).

65. As a direct and proximate result of these acts, Plaintiff suffered a deprivation of freedom, severe and permanent injuries, pain and suffering, inconvenience, mental anguish, emotional distress, and other damages, including legal fees to defend himself against these false charges.

**WHEREFORE**, Plaintiff demands judgment against defendants individually, jointly, severally for compensatory damages, as well as punitive damages, together with interest, cost of suit and attorneys' fees, and any other relief the Court deems appropriate.

## COUNT FIVE
## FAILURE TO PREVENT THE USE OF EXCESSIVE FORCE
## IN VIOLATION OF THE FOURTH & FOURTEENTH AMENDMENTS
### Against Defendants Niewinski, Kiely, City of Elizabeth,
### John Does 1-10, and ABC Corporations 1-10

66. Plaintiff repeats and realleges all facts above as if set forth fully herein.

67. Defendants Niewinski and Kiely were present and witnessed the use of unlawful and excessive force by Defendants, were in a position to prevent said conduct, had a reasonable opportunity to do so, but negligently, recklessly, and/or willfully failed to do so, in violation of 42 U.S.C. §1986.

68. Upon information and belief, Defendants City of Elizabeth, by and through its Police Department, Niewinski and Kiely, as well as other as yet unidentified supervising Police Officers within the Elizabeth Police Department, knew or should have know of the propensities of Defendants Xavier, Figueiredo, Carreto, Quelopana, and John Doe 1, to use unnecessary, unlawful, and excessive force against members of the public, such as Plaintiff, prior to this incident and were in a position to prevent said conduct, but negligently, recklessly, and/or willfully failed to do so, in violation of 42 U.S.C. §1986.

69. Upon information and belief, Defendants City of Elizabeth, John Does 1-10, and ABC Corporations 1-10, failed to properly train, supervise, retain, and maintain its Police Department and Police Officers to ensure that the Police Department and its Police Officers' policing activities are conducted in a lawful manner preserving to members of the public the rights, privileges, and immunities guaranteed to them by the U.S. & N.J. Constitutions.

70. The City of Elizabeth, by and through its Police Department, permitted, encouraged, tolerated, and/or otherwise acted with deliberate indifference allowing its Police Officers to engage in a pattern, practice and/or custom of violating the constitutional rights of the public such that the actions that are described above came to be accepted and expected of Elizabeth Police Officers.

71. As a result of these unjustified, unreasonable, and unconstitutional policies and customs, the City of Elizabeth is directly responsible to Plaintiff for the deprivation of his rights and damages he suffered, as described above.

72. As a direct and proximate result, Plaintiff suffered permanent bodily injury requiring hospitalization and surgery, resulting in disability, disfigurement, pain and suffering, inconvenience, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical care, and treatment, loss of ability to earn money in the future, and other damages.

73. As the injuries are permanent, Plaintiff will suffer further damages in the future and will continue to be hampered in his daily routine.

**WHEREFORE**, Plaintiff demands judgment against Defendants Michael Niewinski, Robert Kiely, City of Elizabeth, John Does 1-10, and ABC Corporations 1-10, individually, jointly, severally for any and all damages, (including, but not limited to severe physical pain and suffering; mental anguish; severe anxiety; loss of life's pleasures; loss of enjoyment of life; and loss of future earning capacity, future earnings and income), as well as punitive damages, together with interest, cost of suit, attorneys' fees, and any other relief the Court deems appropriate.

                                              Price, Meese, Shulman & D'Arminio, P.C.
                                              50 Tice Boulevard, Suite 380
                                              Woodcliff Lake, New Jersey 07677
                                              Phone: 201-391-3737
                                              Facsimile: 201-391-0998
                                              Attorneys for Plaintiff

                                               */s/ Michael Orozco*
                                               Michael Orozco, Esq.

Dated:  June 25, 2015

## REQUEST FOR A JURY TRIAL

Request is hereby made for a trial by jury as to all issues in this action as triable as of right.

                                               */s/ Michael Orozco*
                                             Michael Orozco, Esq.

Dated:  June 25, 2015

## LOCAL RULE 11.2 CERTIFICATION

MICHAEL OROZCO certifies as follows:

I am Of Counsel in the law firm of Price, Meese, Shulman & D'Arminio, P.C., attorneys for Plaintiff.  To the best of my knowledge the matter in controversy is not the subject of any other action pending in any Court or of any pending arbitration or administrative proceeding.

I declare under penalty of perjury that the foregoing is true and correct.

                                               */s/ Michael Orozco*
                                             Michael Orozco, Esq.

Dated:  June 25, 2015